IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                          _____

                            No. 97-40079
                          Conference Calendar
                          _____


JAMES ISHMAEL TIBBS,

                                              Plaintiff-Appellant,


versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; UNKNOWN THAYER, Warden, in
his official capacity; GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, in his
official capacity,

                                              Defendants-Appellees.


                        - - - - - - - - - - -
               Appeal from the United States District Court
                    for the Eastern District of Texas
                         USDC No. 5:96-CV-321
                        - - - - - - - - - - -
                           October 23, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

     James Ishmael Tibbs, Texas prisoner # 702590, appeals the

dismissal of his civil rights complaint as frivolous.  Tibbs,

proceeding pro se and in forma pauperis, argues that the practice

of requiring him to work full time and attend school part time

without providing him with more good-time credits than he is

_____

     * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

earning violates his Fourteenth Amendment rights.  Tibbs has failed to demonstrate a constitutional deprivation and thus has no cause of action under 42 U.S.C. § 1983.  See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 116 S. Ct. 1690 (1996); Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988).

Tibbs' appeal is without arguable merit and thus frivolous.  See Howard v. King, 707 F.2d. 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  Tibbs now "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  Accordingly, Tibbs is barred from proceeding in forma pauperis in a civil action unless he is under imminent danger of serious physical injury.  Id.

APPEAL DISMISSED.  SANCTION IMPOSED.